The **LEAGUE OF WOMEN VOTERS,**
et al. Plaintiffs

v.

**J. Kenneth BLACKWELL, Defendant**

No. 3:04CV7622.

United States District Court,
N.D. Ohio,
Western Division.

Oct. 20, 2004.

See also 2004 WL 2308862.

Donald J. McTigue, Columbus, OH, Edward A. Hailes, Jr., Advancement Project, Elizabeth S. Westfall, Advancement Project, Elliott M. Mincberg, People For The American Way Foundation, Washington, DC, H. Ritchey Hollenbaugh, Carlile Patchen & Murphy, Columbus, OH, Judith A. Browne, Advancement Project, Washington, DC, for Plaintiffs.

Richard G. Lillie, Benesch Friedlander Coplan & Aronoff, Cleveland, OH, for Defendant.

Truman A. Greenwood, Spengler Nathanson, Toledo, OH, for Intervenors.

## ORDER

CARR, District Judge.

This is a suit by organizations challenging directives issued by the defendant, J. Kenneth Blackwell, Ohio's Secretary of State and, in that capacity, Ohio's chief election officer. Plaintiffs claim that two directives issued by Blackwell contravene provisions of the Help America Vote Act Pub.L. 107–252, Title III, § 302, 116 Stat. 1706 (codified at 42 U.S.C. § 15301, et seq.) (HAVA). Pending are plaintiffs' motion for preliminary injunction and defendant's motion to dismiss.

For the reasons that follow, I conclude that Directive 2004–7 does not contravene HAVA, and that it otherwise establishes reasonable requirements and conditions with regard to confirming the identity of first-time voters who have registered to vote by mail since January 1, 2003. Defendant's motion to dismiss plaintiffs' claim with regard to Directive 2004–7 shall, accordingly, be granted.

The other directive, Directive 2004–33, was recently held to be unenforceable in *Sandusky County v. Blackwell*, 339 F.Supp.2d 975 (N.D.Ohio 2004). The defendant appealed that decision and an injunction issued in that case directing him to file a revised HAVA-compliant directive. In view of my decision and order and the pendency of defendant's appeal, it appears appropriate to overrule his motion to dismiss plaintiffs' Directive 2004–33 claim,

and to overrule, as well, plaintiffs' motion for a preliminary injunction. Whatever relief plaintiffs' might obtain through such order would stand or fall with the final decision in *Sandusky County*, and the interests of the parties in this case will be accommodated fully by a final ruling in that case.

## Background

HAVA is a comprehensive statute which, among other things, expands the right of registered voters to cast provisional ballots in elections for federal offices. The plaintiffs claim that Directive 2004–7 conflicts with HAVA, and thus are invalid under the Supremacy Clause of the United States Constitution. U.S. CONST. art. VI, cl. 2 (the "Laws of the United States ... shall be the supreme Law of the Land," the "Laws of any State to the Contrary notwithstanding").

Directive 2004–7 provides:

### DIRECTIVE 2004–07

February 19, 2004

To: All County Boards of Elections Members, Directors and Deputy Directors

### (1) PROVISIONAL BALLOTS

R.C. 3503.16 An Ohio voter who moved from one Ohio precinct to another Ohio precinct (with or without a name change) and did not update his or her existing voter registration by the 28th day before the election may cast a provisional ballot. If the provisional ballot ID envelope is properly completed and signed, the board must verify that the voter (1) was registered to vote at another Ohio address by the registration deadline, and (2) did not vote at that other address.

If the information is verified, the ballot will be included in the official canvass. If the information cannot be verified, the ballot cannot be counted. The minutes of the board's meeting to certify the results of the election must identify each ballot that was not counted and why each was not counted.

HAVA § 302(a) A voter who declares that he or she is a qualified elector of the precinct and is eligible to vote in the election, but whose name does not appear on the poll list in an election for federal office, will be allowed to cast a provisional ballot at the polling place after completing, in the presence of an election official at the polling place, the written affirmation statement.

If the statement of affirmation is properly completed and signed, the board must inspect its records to determine if the voter was properly registered to vote and was eligible to vote the ballot he or she cast.

If the board determines that the voter is eligible, then the ballot will be included in the official canvass. If the board determines that the voter is not eligible, then the ballot cannot be counted. The minutes of the board's meeting to certify the results of the election must identify each ballot that was not counted and why each was not counted. HAVA § 303(b)(2)(B) *A voter who registered to vote by mail after 01–01–2003 but did not provide:*

 o *the applicant's Ohio drivers license number, or*

 o *the last four digits of the applicant's Social Security number, or*

 o *acceptable documentary proof of the applicant's identity,*

*when both:*

 *1. registering to vote and*

 *2. voting for the first time in person in a federal election,*

*may vote a provisional ballot at the polling place after completing, in the presence of an election official, the written affirmation statement. If the state-*

*ment of affirmation has been properly completed and signed, and the voter provides acceptable proof of identify [sic] to either the board office or to the precinct election officials by the time the polls close, then the ballot will be included in the official canvass. Otherwise, the ballot cannot be counted. The minutes of the board's meeting to certify the results of the election must identify each ballot that was not counted and why each was not counted.*

*Id.* (emphasis added).

With regard to Directive 2004–7, this lawsuit involves a challenge to only the italicized language, which deals with how a first-time voter who registered by mail may confirm his or her identity at the polling place.

The information provided by Directive 2004–7 is supplemented by information contained in posters that are to be posted in a clearly visible location at every Ohio polling place on November 4, 2004. With reference to first-time voters who have registered by mail, the posters state:

### Instructions for Mail–In Registrants Who Are First–Time Voters

If you registered to vote in Ohio by mail after January 1, 2003, did not submit acceptable *documentary* proof of your identity with your voter registration application, and have not previously voted in an election for federal office in Ohio, you must, before voting provide acceptable documentary proof of your identity, which includes:

 o A current and valid photo identification, or

 o A copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows your name and address.

### If you are voting in person:

You must present to the election officials at the appropriate county board of elections office, or to the pollworkers at the appropriate precinct polling location, acceptable documentary proof of your identity.

If you do not present acceptable documentary proof of your identity to election officials when you appear to vote, you may cast a provisional ballot under section 302(a) of *Help America Vote Act of 2002.*

(Doc. 25, Exhs. 4, 5, 6) (Polling place poster exemplars).

Directive 2004–07 instructs election officials to issue provisional ballots to first-time voters who registered by mail but do not provide either a driver's license or a "copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows your name and address" (herein, "documentary identification") at the poll on Election Day. Any first-time voter who registered by mail who provides documentary identification at the polling place will be given a conventional ballot, and that ballot will be counted.

The dispute in this case involves, therefore, only those first-time voters who arrive at the polling place without such documentary proof of their identity. Such voters may vote provisionally (i.e., cast a ballot, subject to subsequent verification of their identity and confirmation that a person with that identity is registered to vote).

The right of first-time voters to vote provisionally, even though they have not presented documentary proof at the polling place, is established under the "Fail Safe Voting" section of HAVA, which states: "An individual who desires to vote in person, but who does not present [documentary identification] may cast a provisional ballot" under the provisional voting provisions. 42 U.S.C. § 15483(b)(2).

Pursuant to the provisional voting provisions of HAVA, the first-time voter who does not have documentary identification must, before casting his or her provisional ballot, also submit "a written affirmation ... before an election official at the polling place stating that the individual is (A) a registered voter in the jurisdiction in which the individual desires to vote; and (B) eligible to vote in that election." 42 U.S.C. § 15482(a)(2).

When submitting a provisional ballot, the first-time voter entitled to such ballot because he or she does not have documentary proof of identification can identify himself or herself by providing his or her driver's license number or the last four digits of her or her social security number (herein, "numerical identifier"). It is not necessary for the voter to document that number: identification by oral recitation is enough (i.e., stating to the pollworker, "My driver's license number is xxxxxxxx" or "The last four digits of my social security number are xxxx"). (Doc. 25, Exh. 1). (Affidavit of Patricia A. Wolfe, Ohio Director of Elections, Office of the Secretary of State) ("boards of elections were ... also advised that any provisional voter under HAVA § 303(b)(2)(B), 42 U.S.C. § 15483(b)(2)(B) who, at the time the person appeared to vote in the first federal election, *orally* provided the necessary identifier, to wit: a current, valid Ohio driver's license number or the last four digits of the applicant's Social Security number, ....") (emphasis added).

If a first-time voter who is voting provisionally (because he or she has no documentary proof of identity at the polling place) has a numerical identifier (i.e., a driver's license, but the license is not with the voter, or has been issued a social security number, but likewise has nothing with that number on his or her person), but does not know either number, Directive 2004–7 provides that he or she can provide the numerical identifier before the polls close. If the voter does not do so, his or her provisional ballot, though cast, will not be counted.

## Discussion

### A. Plaintiffs Can Maintain This Action Under the Supremacy Clause

Plaintiffs bring their suit under the Supremacy Clause, rather than 42 U.S.C. § 1983. Defendant claims that the plaintiffs cannot maintain this cause of action.

 It is clearly established that the Supremacy Clause grants the federal courts jurisdiction over such claims; conflict with a federal law raises a federal question pursuant to 28 U.S.C. § 1331.

In *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002), Verizon sued the Maryland Public Service Commission alleging that the commission's order that Verizon make payments under a negotiated interconnection agreement violated the Telecommunications Act of 1996. The district court dismissed the action for lack of jurisdiction. The Fourth Circuit affirmed. The Supreme Court reversed, finding that, where state action is preempted by federal law, § 1331 provides jurisdiction.

In *Local Union No. 12004 v. Massachusetts*, 377 F.3d 64 (1st Cir.2004), the court stated, "*Verizon* and *Shaw* [*v. Delta Air Lines, Inc.* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) ] make clear that in suits against state officials for declaratory and injunctive relief, a plaintiff may invoke the jurisdiction of the federal courts by asserting a claim of preemption, even absent an explicit statutory cause of action."

While *Verizon* did not speak to the question of whether the Supremacy Clause created a cause of action as well as a grant of jurisdiction, "[t]he best explanation of *Ex*

*Parte Young* and its progeny is that the Supremacy Clause creates an implied right of action for injunctive relief against state officers who are threatening to violate the federal Constitution or laws." *Burgio and Campofelice v. NYS Dep't of Labor,* 107 F.3d 1000, 1006 (2d Cir.1997) (quoting Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3566 (1984)); *see also* Fallon, Meltzer, & Shapiro, *Hart & Wechsler's The Federal Courts & The Federal System* 903 (5th ed. 2003) ("[T]he rule that there is an implied right of action to enjoin state or local regulation that is preempted by a federal statutory or constitutional provision . . . is well-established.").

Because plaintiffs' claim is that defendant's actions in his official duties violate a federal law which has preemptive effect, the Supremacy Clause provides the cause of action and federal jurisdiction.

**B. Ohio has Reasonable and, under HAVA, Acceptable Procedures for Verifying the Identity of First–Time Voters Who Registered by Mail and are Entitled to Vote Provisionally**

█ Plaintiffs overstate the requirements of HAVA, which I find the defendant to be meeting with regard to the identification required of first-time voters.

Directive 2004–7 does not state that such voter must provide documentary proof of identity to have a provisional ballot counted. Anyone presenting documentary proof of identity will receive a regular, not a provisional ballot. Only those first-time voters who do not present docu-

mentary identification at the polling place will receive a provisional ballot.

If such provisional voter wants his or her ballot counted, he or she must provide other "acceptable proof of identity"—i.e., a numerical identifier. Plaintiffs claim that this requirement may cause the ballots of several voters not to be counted: namely voters who will be voting provisionally (because they do not have documentary proof of identity with them at the polling place) and who also either do not possess a numerical identifier (i.e., do not have a driver's license or social security number) or have, but cannot remember their numerical identifier, and may not be able to get that information to the pollworkers before the polls close.[1]

This case, ultimately, is about the lawfulness under HAVA of the modes of identification required under Directive 2004–7 of first-time voters who registered by mail since January 1, 2003. Directive 2004–7 says to such voters, in effect, "if you cannot give the pollworker some acceptable documentary form of identification, you have to tell the worker your driver's license number or the last four digits of your social security number. If you fail to do so before the polls close, you still can vote provisionally, but your ballot will not be counted because you haven't proven that you are the same person as the person who registered by mail."

The United States Constitution provides that states may establish "the Times, Places and Manner of holding Elections for Senators and Representative" U.S. Const. Art. I. § 4, cl. 1. In light of this

---

1. Possession of a social security number is nearly universal, so the numbers of provisional voters who do not have a numerical identifier is highly likely to be very low. As discussed *infra,* all persons who register by mail are notified by the mail-in registration form to bring documentary identification to the polling place when they vote for the first time.

Though many persons may not have a driver's license, the number of people who do not possess an alternate form of acceptable documentary proof (a "copy of a current utility bill, bank statement, government check, paycheck, or other government document that shows your name and address") likewise is highly likely to be very low.

provision, the Supreme Court has held that the Constitution allows states to regulate elections. *Burdick v. Takushi*, 504 U.S. 428, 433, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992) (citing *Sugarman v. Dougall*, 413 U.S. 634, 647, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973)).

In *Burdick*, the Court stated that "when a state election law provision imposes only 'reasonable nondiscriminatory restrictions' upon the First and Fourteenth Amendment rights of voters, 'the State's important regulatory interests are generally sufficient to justify' the restrictions." *Id.* at 434, 112 S.Ct. 2059. State election laws are, generally, not subject to strict scrutiny review. *Id.* at 433, 112 S.Ct. 2059.

Plaintiffs do not contend—and they could not do so plausibly—that Directive 2004–7 is "discriminatory" under *Burdick*. Thus, the decision in this case depends on the reasonableness of Directive 2004–7's identification requirements.

To determine the reasonableness of Directive 2004–7's identification requirements, I must "weigh 'the character and magnitude of the asserted injury to the rights protected by the [Constitution]' against 'the precise interests put forward by the state as justifications for the burden imposed by its rule.'" *Id.* at 434, 112 S.Ct. 2059 (citations omitted). Further, I must consider "the extent to which those interests make it necessary to burden the plaintiff's rights." *Id.* (citations omitted); *see also Schrader v. Blackwell*, 241 F.3d 783, 790–91 (6th Cir.2001) (applying standard to federal election).

The State's interest in requiring some form of commonly available identification from first-time voters who registered by mail is clear: namely to prevent voter fraud. If elections are not substantially free from fraud and other irregularities, public confidence in their integrity and the validity of their results, which is essential to the maintenance of ordered liberty, is threatened. Few can doubt that deterrence, detection, and avoidance of election fraud are fundamentally important state and public concerns and interests.

Having every ballot cast by every eligible voter is also of fundamental importance. Where persons who are eligible to vote lose faith that their ballot will count, they will conclude that voting does not matter. They may decline to exercise the franchise, thereby giving up the most fundamental right of our democracy as completely as if it had been taken from them forcibly. Loss of faith in the efficacy of the individual ballot can also erode public confidence in the integrity of elections and the validity of their outcomes.

Balancing these two interests—avoiding fraud, and ensuring that every ballot counts—I conclude that, though some small number of provisional ballots may not be counted as a result of the identification requirements of Directive 2004–7, the risk of loss of those ballots, however unfortunate, is justified by the likely inability, if even less burdensome (and less verifiable) forms of identification were allowed or required, to detect and prevent election fraud.

I find that the burden imposed on the effective exercise of the franchise by Directive 2004–7 is reasonable, and thus acceptable under the Constitution and HAVA for several reasons.

First, plaintiffs have not pointed to any specific provision of HAVA or any other federal law regulating voting that prohibits, or even calls into question, the authority of Ohio's election officials to impose a reasonable identification requirement on first-time voters who registered by mail.

Second, the restrictions in Directive 2004–7 are likely to affect only a small number of voters: namely, only those who:

1) registered by mail; 2) are voting for the first time; 3) come to the polls without documentary proof of identity; 4) cannot recite a numerical identifier, and 5) are unable or otherwise fail to give a numerical identifier before the polls close.

Third, some, if not many of those individuals who do not have documentary proof with them and are also unable to recite a numerical identifier by memory should be able promptly and easily to get an acceptable document or find out the necessary number. For many, time will be available to return home to get documentary proof. Even if time is short, telephones are everywhere, and most provisional voters who cannot, or do not want to leave the polling place and return with acceptable proof can call someone to learn their numerical identifier from documents at home—such as a pay stub, auto registration, driver's license, or copy of a tax return. By taking such easy, practical steps, provisional voters without documentary identity and who are unable to remember a numerical identifier can, and no doubt will, ensure that their ballot will be counted.

Fourth, placing the burden of establishing identity on the voter is entirely appropriate, provided the means for doing so are (as they are in Ohio) reasonable. That first-time voters should anticipate being called on to prove their identity when they first go to vote is underscored by the fact that Ohio's Voter Registration Form states that persons registering by mail, if they do not provide documentary proof of identity when they send in the mail-in registration, "must provide one of those items [i.e. documentary identification] when [they] vote for the first time." This provision of Ohio's registration form incorporates the requirements of § 15483(b)(4)(A)(iv) of HAVA, which states that the mail-in registration form must include:

A statement informing the individual that if the form is submitted by mail and the individual is registering for the first time, the appropriate information required under this section must be submitted with the mail-in registration form in order to avoid the additional identification requirements upon voting for the first time.

42 U.S.C. § 15483(b)(4)(A)(iv).

Persons who register by mail are on notice, therefore, that they should take documentary proof of their identity with them when they go to vote for the first time. It is not unreasonable for the State of Ohio to expect that they will heed this warning, and thereby on their own ensure that their ballot, which will be a conventional ballot, will be counted, because they met their burden of providing acceptable proof of identity.

There may, however, be some mail-registered, first-time provisional voters whose ballots may not be counted because the state cannot confirm their identity: 1) persons who did not provide any documentary or numerical identification on their voter registration form, so there is nothing to which the numerical identifier given at the polling place may be compared; 2) persons who gave one numerical identifier (i.e., their driver's license number) on their voter registration form and a different numerical identifier (i.e., last four digits of their social security number) when voting; and 3) persons who do not or cannot give a numerical identifier, and who do not or cannot get either documentary identification or a numerical identifier to the polls before closing time.

Even though such persons are "eligible to vote" in that they are registered voters, election officials will be unable to confirm that they are the same individuals as those whose names appear on the election rolls. Their ballots will be uncounted not be-

cause they are ineligible to vote; their ballots will not be counted, rather, because they did not meet the burden, which is slight, imposed on them by Directive 2004–7 to prove their identity when they first go to vote.

As suggested in the preceding paragraph, plaintiffs confuse the obligation imposed on election officials under § 15482(a)(4) of HAVA to determine that a provisional voter "is eligible under State law to vote" before counting a provisional ballot with the correlative, but distinct obligation to confirm that the identity of the person registered by mail—and thus eligible to vote—is the same as that of the person who voted provisionally. Determination that a first-time voter who voted provisionally was "eligible under State law to vote" means nothing more than confirming that the person's name is, as a result of mail-in registration, on the voter registration roll.

While HAVA requires verification of eligibility to vote, the statute does not say anything about how state election officials may confirm the identity of a first-time provisional voter. Nothing in HAVA says, moreover, that first-time voters unable to show that they are the same person as the person who registered by mail are absolutely entitled to their ballots counted. All that HAVA provides is that a first-time voter who registered by mail who cannot provide documentary proof at the polling place may vote provisionally.

## Conclusion

Avoidance of fraud is important; having every ballot count is crucial. The identification procedures established under Directive 2004–7 are an important, indeed, perhaps essential bulwark against voter misconduct and fraud.

The burden imposed on first-time voters who registered by mail to confirm their identity, and thus show that they are voting legitimately, rather than fraudulently, is slight.

The number of voters unable to meet the burden—literally by the end of the day—of proving their identity is likely to be very small.

In these circumstances, the balance of interests favors Directive 2004–7, even if the cost, in terms of uncounted ballots, is regrettable.

I conclude, accordingly, that the procedures for obtaining identification from first-time voters who do not present documentary proof of identity at the polling place, and thus who will vote provisionally under the Fail Safe provisions of HAVA, comply with the statute and the Supremacy Clause.

It is, therefore,

ORDERED THAT:

1. On the basis of this Court's decision in *Sandusky County v. Blackwell,* defendant's motion to dismiss be, and the same hereby is denied, with regard to plaintiffs' challenge to Directive 2004–33; plaintiff's motion for a preliminary injunction as to this claim is overruled, without prejudice, as unnecessary in view of the injunction issued in that case; and

2. Defendant's motion to dismiss be, and the same hereby is granted with regard to plaintiffs' challenge to Directive 2004–7.

So ordered.